## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | § | Chapter 11 |
|  | § |  |
| VANGUARD NATURAL RESOURCES, LLC, *et al.*, | § | Case No. 17-30560 |
|  | § |  |
|  | § | (Jointly Administered) |
| Reorganized Debtors. | § |  |
|  | § |  |
|  | § |  |
| VANGUARD OPERATING, LLC, | § |  |
|  | § |  |
|  | § |  |
| Plaintiff, | § |  |
| v. | § | Adversary Pro. No. 18-03247 |
|  | § |  |
| JOHNSON COUNTY TREASURER, Wyoming, | § |  |
|  | § |  |
|  | § |  |
| Defendant. | § |  |
|  | § |  |

## EMERGENCY MOTION OF VANGUARD OPERATING, LLC TO
## (1) JOIN VANGUARD NATURAL RESOURCES, LLC AS PLAINTIFF UNDER FED.
## R. BANKR. P. 20 AND (2) AMEND THE COMPLAINT UNDER FED. R. BANKR. P. 15

> **PLAINTIFF HAS REQUESTED THAT THE COURT SET THIS MOTION FOR HEARING ON JANUARY 31, 2019, AT 10:30 A.M., PREVAILING CENTRAL TIME, IN COURTROOM 404, 515 RUSK STREET, HOUSTON, TEXAS 77002.**
>
> **IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING, SPECIFICALLY ANSWERING EACH PARAGRAPH OF THIS PLEADING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT WITHIN 21 DAYS FROM THE DATE YOU WERE SERVED WITH THIS PLEADING. YOU MUST SERVE A COPY OF YOUR RESPONSE ON THE PERSON WHO SENT YOU THE NOTICE; OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**
>
> **EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER., PLAINTIFF IS REQUESTING THAT ANY OBJECTIONS TO THE MOTION MAY BE RAISED AT THE HEARING.**
>
> **REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

Plaintiff Vanguard Operating, LLC ("Plaintiff"), files this motion (the "Motion") seeking entry of an order (1) under rule 20 of the Federal Rules of Procedure (the "Rules"), made applicable to this adversary proceeding by rule 7020 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") joining Vanguard Natural Resources, LLC ("VNR") as a plaintiff in this adversary proceeding and (2) under Rule 15, made applicable to this adversary proceeding by Bankruptcy Rule 7015, and respectfully states as follows:

## BACKGROUND

1.      On February 1, 2017, VNR and its affiliated debtors, including Plaintiff, commenced cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") by filing voluntary petitions for relief in this Court.  On February 3, 2017, the Court entered an order authorizing the joint administration of the chapter 11 cases for procedural purposes only [Case No. 17-30560, Docket No. 54].

2.      On July 18, 2017, the Court entered an order confirming the *Debtors' Modified Second Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* (the "Confirmation Order" and "Plan," respectively) [Case No. 17-30560, Docket Nos. 1109 (Confirmation Order) and 1109-1 (Plan)].[1]

3.      The Plan and Confirmation Order provide that "any and all Causes of Action, whether arising before or after the Petition Date, . . . and the Reorganized Debtors' rights to commence, prosecute, or settle such Causes of Action shall be preserved."  Plan Art. IV.O; Conf. Order ¶ 44.  The Plan and Confirmation Order further provide that, "[i]n accordance with section 1123(b)(3) of the Bankruptcy Code, any Causes of Action that a Debtor may hold against any

---

[1] Capitalized terms used but not otherwise defined herein have the meanings given to them in the Plan and/or Confirmation Order.

2

Entity shall vest in the Reorganized Debtors." Plan Art. IV.O; Conf. Order ¶ 45. The Reorganized Debtors are further granted "the exclusive right, authority, and discretion to determine and to initiate, file, prosecute, enforce, abandon, settle, compromise, release, withdraw, or litigate to judgment any such Causes of Action . . . ." *Id.*

4.      The Plan also states that the "rights, benefits, and obligations of any Entity named or referred to in the Plan shall be binding on, and inure to the benefit of any heir, executor, administrator, successor, assign, affiliate, officer, director, manager, agent, representative, attorney, beneficiaries, or guardian, if any, of each Entity." Plan Art. XII.E.

5.      On November 9, 2017, the Court entered the *Final Decree Closing Certain Chapter 11 Cases Pursuant to Bankruptcy Code Section 350(a) and Bankruptcy Rule* (the "Final Decree") [Case No. 17-30561, Docket No. 9]. Under the Final Decree, all cases but the VNR case were closed. The Final Decree provided that "all adversary proceedings . . . that may be filed in the future shall be administered in the [VNR case], notwithstanding the fact that such . . . adversary proceedings may be asserted on behalf of [another Reorganized Debtor]." Final Decree ¶ 2.

6.      On August 15, 2018, Plaintiff commenced this adversary proceeding against Johnson County Treasurer, Wyoming ("Defendant") by filing a complaint (the "Complaint") [Adv. Pro. No. 18-03247, Docket No. 1]. On October 19, 2018, Defendant filed *Johnson County Treasurer's 12(b)(6) Motion to Dismiss* (the "Motion to Dismiss") [Adv. Pro. No. 18-03247, Docket No. 8]. On November 9, 2018, Plaintiff filed an a brief in opposition to the Motion to Dismiss [Adv. Pro. No. 18-03247, Docket No. 12].

7.      At the hearing held on December 12, 2018, the Court converted the Motion to Dismiss to a motion for summary judgment set a deadline of February 1, 2019 for Defendant to amend the motion.

3

## RELIEF REQUESTED

8.      By this motion, Plaintiff requests entry of an order, substantially in the form of the proposed order attached here as **Exhibit A**, (1) joining VNR as a plaintiff in this adversary proceeding under Rule 20(a)(1), made applicable to this adversary proceeding by Bankruptcy Rule 7020, and (2) granting leave to amend the Complaint under Rule 15(a)(2), made applicable to this proceeding by Bankruptcy Rule 7015, as set forth in the amended complaint (the "Amended Complaint") attached here as **Exhibit B**.[2]

## BASIS FOR RELIEF

9.      In Counts V and VI of the Complaint, Plaintiff asserts causes of action under sections 547 and 550 of the Bankruptcy Code (the "Preference Claims").  In a related adversary proceeding, *Vanguard Operating LLC v. Board of Campbell County Commissioners*, *solely in its official capacity*, [Adv. Pro. No. 18-03246], the Board of Campbell County Commissioners ("Campbell County") filed *Defendant's Motion for Partial Judgment on the Pleadings* (the "Motion for Judgment on the Pleadings") [Adv. Pro. No. 18-03246, Docket No. 24].  In the Motion for Judgment on the Pleadings, Campbell County asserts that because Plaintiff's bankruptcy case has been closed, similar causes of action are time barred under section 546(a) of the Bankruptcy Code.  Although Plaintiff disagrees with Campbell's County position because this Court's prior orders contradict it, Plaintiff is filing this Motion to correct this alleged technical defect in all related adversary proceedings that assert claims under sections 547 and 550 of the Bankruptcy Code.

---

[2] A redline showing the changes to the Complaint is attached here as **Exhibit C**.

4

I.      **Joinder Under Rule 20(a)(1)**

10.     Rule 20(a)(1) provides that parties may be joined as plaintiffs if "(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1).  Courts apply Rule 20 as a two-prong test and allow "joinder of plaintiffs when (1) their claims arise out of the same transaction, occurrence, or series of transactions or occurrences and when (2) there is at least one common question of law or fact linking all claims." *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 521 (5th Cir. 2010) (internal quotations omitted).  If both prongs are satisfied, "permissive joinder of plaintiffs . . . is at the option of the plaintiffs." *Id.*

11.     Here, both prongs are satisfied because VNR will assert the exact same causes of action (the Preference Claims).  Thus, VNR's claims arise out of the same transaction and the questions of law and fact are identical.

12.     Though the Preference Claims asserted in the Complaint belong to Plaintiff, by virtue of the terms of the confirmed plan, VNR has the right to assert those claims on Plaintiff's behalf.  Section 1123(b)(3)(B) of the Bankruptcy Code provides that a plan of reorganization may provide for the retention and enforcement of claims belonging to the debtor by a representative of the estate.  11 U.S.C. § 1123(b)(3)(B).  The Plan provides that all Causes of Action, including those asserted here, vest in the Reorganized Debtors, and may be asserted by the Reorganized Debtors.  VNR, as an affiliate and representative of Plaintiff, is granted the same rights as Plaintiff under the terms of the Plan, including the right to bring the causes of action in this adversary proceeding.  Further, the terms of the final decree closing Plaintiff's case provide that any future adversary proceeding that may be filed shall be administered in VNR's case.

13.     Allowing joinder of VNR as a plaintiff with respect to the Preference Claims will not result in any delay or prejudice in this adversary proceeding as VNR does not seek to assert any causes of action distinct from Plaintiff, and allowing VNR to join as a plaintiff will not introduce any new factual or legal issues.   Further, though Defendant has filed the Motion to Dismiss, the Court has set a deadline of February 1, 2019, for Defendant to amend that motion.

## II.     Amendment Under Rule 15(a)(2)

14.     Outside of the window for amendment as a matter of course, the Federal Rules of Civil Procedure allow a party to amend its pleading with the opposing party's consent or with leave of the court.   Fed. R. Civ. P. 15(a)(2).   "The court should freely give leave when justice so requires."   *Id.*   The Fifth Circuit has noted that Rule 15(a) "evinces a bias in favor of granting leave to amend."   *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 (5th Cir. 1981).   The factors the court should consider when evaluating a motion to amend include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, and undue prejudice to the opposing party."   *Id.* at 598.   The court should also "weigh in the movant's favor any prejudice that will arise from denial of leave to amend."   *Id.*[3] "Finally, it is appropriate for the court to consider judicial economy and the most expeditious way to dispose of the merits of the litigation."   *Id.*

15.     When considering undue delay, "mere passage of time need not result in refusal of leave to amend."   *Dussouy*, 660 F.2d at 598.   A motion to amend may be granted even after entry of judgment.   *Id.*   Factors courts consider in determining whether there has been undue delay

---

[3] A showing of prejudice is not required, however, as the court should only consider prejudice to the movant "if there are substantial reasons to deny the amendment.   Otherwise, rule 15(a) requires the trial judge to grant leave to amend whether or not the movant shows prejudice."   *Dussouy*, 660 F.2d at 598.

include the state of the briefing,[4] whether discovery has commenced,[5] and when the trial has been scheduled.[6]  Here, briefing on the merits has only just commenced, no discovery has been taken, and the trial date has not been set.  Any delay in bring the Motion is therefore not undue.

16.     Further, allowing the amendment will not result in any prejudice to Defendant because Plaintiff does not seek to add any new causes of action, additional legal theories, or new facts.  The amendment only seeks to add an additional party to address the alleged technical defect in the Complaint raised by Campbell County in its Motion for Judgment on the Pleadings. Although Plaintiff disagrees with Campbell County's position because this Court's prior orders contradict it (and Defendant has not raised the issue here), as VNR's case remains open, Plaintiff seeks to join VNR as a party-plaintiff in an abundance of caution.

17.     Finally, denying leave to amend in this case would cause undue prejudice to the Plaintiff.  The Reorganized Debtors moved to close all cases other than VNR's as a means to reduce unnecessary costs and promote judicial economy, not to affect any substantive rights.  The policy behind a statute of limitations is to prevent a long-dormant claim from being filed against an unsuspecting defendant.  There is no danger of that happening here.  The Complaint was filed well-within the two-year window under section 546(a) and less than a year after the entry of the final decree closing the cases of the other debtors.  Denying leave to amend in this instance would turn a decision made in good faith in an attempt to conserve estate and judicial resources into a vehicle to deprive Plaintiff of the opportunity to litigate its claims.

---

[4] *Bryant v. Thoratec Corp.*, 343 F. Supp. 3d 594 (S.D. Miss. 2018).

[5] *Strong v. Green Tree Servicing, L.L.C.*, 716 F. App'x 259, 264 (5th Cir. 2017).

[6] *Dussouy*, 660 F.2d at 598.

**III.     Emergency Relief is Appropriate Under the Circumstances**

18.     The two-year statute of limitations for commencing actions under sections 547 and 550 of the Bankruptcy Code will expire on February 1, 2019.  In addition, the Court set February 1, 2019 as the deadline for parties to file motions for summary judgment on certain issues in this proceeding.  Having this motion heard prior to that date will ensure that the briefing schedule is not interrupted and that the Court has the opportunity to consider this motion prior to the expiration of the two-year limitation period.

19.     Moreover, the relief sought in this motion is ministerial in nature, seeking only to make a technical amendment to the complaint and add a new party.  As noted above, Plaintiff does not seek to introduce any new causes of action or legal theories.

<u>**CONSULTATION**</u>

20.     Plaintiff's counsel has conferred with Defendant's counsel regarding the relief sought in the Motion.  At this time, Plaintiff cannot say whether Defendant will oppose the relief sought in the Motion.

[*Remainder of this page intentionally left blank.*]

## <u>CONCLUSION</u>

WHEREFORE, Plaintiff respectfully requests that the Court (i) grant the Motion and (ii) grant Plaintiff such further and other relief as is just and equitable.

Dated: January 22, 2019                **BLANK ROME LLP**

               */s/ James T. Grogan*
               James T. Grogan (Tex. Bar No. 24027354)
               Blank Rome LLP
               717 Texas Avenue
               Houston, Texas 77002
               Telephone: (713) 228-6601
               Facsimile: (713) 228-6605

               Matthew E. Kaslow (admitted *pro hac vice*)
               One Logan Square
               130 North 18th Street
               Philadelphia, PA 19103
               Telephone: (215) 569-5500
               Facsimile: (215) 569-5555

               *Attorneys for Vanguard Operating, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on January 22, 2019, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas on Defendant.

*/s/ James T. Grogan*
James T. Grogan